```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JUSTINE FERREIRA and NICHOLAS ROJAS,
SR., as Parents and Natural Guardians of N.R., and
JUSTINE FERREIRA and NICHOLAS ROJAS,
SR., Individually,

                              Plaintiffs,

        -against-                                              22 Civ. 4993 (AT)

NEW YORK CITY DEPARTMENT OF                                    ORDER
EDUCATION,

                              Defendant.
-------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/26/2024_

ANALISA TORRES, District Judge:

Plaintiffs, Justine Ferreira and Nicholas Rojas, individually and on behalf of their minor child, N.R., bring this action against the New York City Department of Education (the "DOE"), seeking funding for tuition and related services rendered to N.R. during the 2019-20 and 2020-21 school years pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Compl., ECF No. 1. The DOE moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(1). Def. Mot., ECF No. 31; *see* Def. Mem., ECF No. 32. For the reasons stated below, the DOE's motion is GRANTED.

## BACKGROUND[1]

In 2018, Plaintiffs moved N.R. from a school called iHOPE to a school called iBrain without DOE approval, filed an administrative action seeking DOE funding for iBrain, and sought reimbursement for iBrain during the pendency of the administrative proceedings. *See Ferreira v. N.Y.C. Dep't of Educ.*, Nos. 19 Civ. 2937, 19 Civ. 8519, 2020 WL 1158532, at *2–3 (S.D.N.Y. Mar. 6, 2020). In four related cases before this Court, Plaintiffs sought reimbursement for iBrain

---

[1] The Court presumes familiarity with the history of the cases and administrative proceedings between the parties as described in its March 14, 2023 order, ECF No. 23, and sets forth only the facts necessary for its decision here.

tuition during the 2019-20 and the 2020-21 school years on two grounds: (1) denial of a free and appropriate public education ("FAPE") in violation of 20 U.S.C. § 1415(a); and (2) pendency, a provision of the IDEA which provides that while administrative and judicial proceedings are pending and "unless the school district and the parents agree otherwise," a child must remain "in his or her then-current placement" at public expense. *Mackey ex rel. Thomas M. v. Bd. of Educ.*, 386 F.3d 158, 160 (2d Cir. 2004); 20 U.S.C. § 1415(j). *See* ECF No. 23 at 1–3. In the instant suit, Plaintiffs seek reimbursement for both years only on the basis of pendency. Compl. ¶ 5; Pls. Mem. at 1, ECF No. 33.

On March 14, 2023, the Court entered an omnibus order (the "Order") deciding several issues across the four proceedings, including Plaintiffs' motion for preliminary relief in this action. *See* Order, ECF No. 23. Concerning reimbursement for the 2019-20 school year, the Order denied preliminary relief, holding that the pendency claim was barred by res judicata.[2] Order at 12–13. As for the 2020-2021 school year, the Court held that Plaintiffs were denied a FAPE and, therefore, entitled to "direct retrospective payment for [N.R.'s] tuition and related services." *Id.* at 16–20.[3]

Because the parties agree that the Order mooted Plaintiffs' pendency claim for the 2020-21 school year, the only issue before the Court is Plaintiffs' reimbursement claim for the 2019-20 school year, which Defendants now move to dismiss. Def. Mem. at 13; Pls. Mem. at 6.

## DISCUSSION

The DOE argues that the complaint must be dismissed because, as the Order recognized, Plaintiffs' pendency claim has already been adjudged by the Honorable Jesse M. Furman in *Ferreira v. Carranza*, Nos. 19 Civ. 2937, 19 Civ. 8519, 2020 WL 1158532, at *4 (S.D.N.Y. Mar.

---

[2] The Court also affirmed the administrative officer's decision, which held that Plaintiffs were not denied a FAPE for the 2019-20 school year, and, therefore, were not entitled to tuition reimbursement. *Id.* at 13–16.

[3] Plaintiffs also sought reimbursement for the 2020-21 school year on the basis of pendency. The Court denied that request as duplicative. *Id.*

2

6, 2020) (granting summary judgment to Defendants), and the Honorable Frederic Block in *Ferreira v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1737, 2020 WL 13159035, at \*1 (E.D.N.Y. June 5, 2020) (dismissing complaint for failure to show cause).[4] *See also* Def. Mem. at 8–11; Order at 12–13.  Moreover, the Second Circuit summarily affirmed Judge Furman's decision, finding that the issues presented were "squarely resolved against [Plaintiffs]" in *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020).  *Ferreira v. N.Y.C. Dep't of Educ.*, Nos. 20-908, 20-911, 2020 WL 8838249, at \*1 (2d Cir. Nov. 4, 2020).[5]  Plaintiffs disagree, contending that an August 2, 2021 administrative order (the "2021 Administrative Order") retroactively modifies N.R.'s pendency placement for the 2019-20 school year and that, because the 2021 Administrative Order postdates the federal-court decisions, those decisions do not preclude their pendency claim.  Pls. Mem. at 2–6.

Res judicata or claim preclusion precludes parties from litigating issues that "were or could have been decided in a prior proceeding."  *Grenon v. Taconic Hills Cent. Sch. Dist.*, No. 05 Civ. 1109, 2006 WL 3751450, at \*6 (N.D.N.Y. Dec. 19, 2006) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 426 (2d Cir. 2003)).  Res judicata applies when the prior proceeding: (1) involved an adjudication on the merits, (2) involved the same plaintiffs as in the present case or those in privity with them, and (3) the claims in the present case were or could have been raised in the prior proceeding.  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  "Even claims based upon different legal theories are barred by res judicata provided they arise from the same

---

[4] Plaintiffs asserted the pendency claim on another occasion as well.  *Ferreira v. Carranza*, No. 20 Civ. 2305, 2022 WL 34610 (E.D.N.Y. Jan. 4, 2022).  In that action, the Honorable Pamela K. Chen dismissed the claim and warned Plaintiffs that "further litigation regarding N.R.'s pendency placement for the 2018–2020 school years at iBrain may result in sanctions." *Id.* at \*1.

[5] Some of the previously filed cases were only brought by Ferreira, and not Rojas.  For simplicity and based on the Court's finding in the Order that Ferreira and Rojas are in privity, Order at 12–13, the Court refers to both Plaintiffs and not just Ferreira in discussing the implications of those previous cases on the Court's decision today.

transaction or occurrence." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) (quoting *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999)) (cleaned up).

Plaintiffs' claim is barred by res judicata. First, the prior federal-court orders were decisions on the merits. Second, Plaintiffs and the DOE were parties to the prior proceedings. Third, Plaintiffs' claim here is precisely the same, seeking pendency funding for iBrain during the 2019-20 school year. As Judge Furman held, "when Plaintiff[s] unilaterally transferred N.R. to iBrain, '[they] took responsibility for the costs of obtaining those services.'" *Ferreira*, 2020 WL 1158532, at *4 (citation omitted). "A parent cannot unilaterally transfer his or her child and subsequently initiate an IEP dispute to argue that the new school's services must be funded on a pendency basis." *Ventura de Paulino*, 959 F.3d at 536; *see Sch. Comm. of the Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 373–74 (1985) ("[P]arents who unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local school officials, do so at their own financial risk.").

Plaintiffs point to the 2021 Administrative Order, which determined that iBrain was an appropriate placement for the 2018-19 school year, and argue that, because the 2021 Administrative Order postdates the federal-court decisions, the decisions do not preclude the pendency claim presented in this case. Pls. Mem. at 2–3. However, the complaint—filed in June 2022—does not mention the 2021 Administrative Order. *See* Compl. ¶¶ 62–68. "[A]llegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, and such allegations do not automatically amend the complaint." *Lee v. Saul*, No. 19 Civ. 6553, 2022 WL 873511, at *4 (S.D.N.Y. Mar. 23, 2022).

Even if the Court were to consider the 2021 Administrative Order, it is immaterial to Plaintiffs' claim for pendency relief. The Second Circuit held that Plaintiffs' claim was "squarely resolved by" *Ventura de Paulino*, which held that parents in their position cannot receive funding

4

on a pendency basis. 959 F.3d at 536. Rather, after their IEP dispute is resolved, they "may obtain retroactive reimbursement for their expenses at iBRAIN only if they are able to satisfy the three-factor *Burlington-Carter* test," *id.*, which the Order already found Plaintiffs did not satisfy. Order at 13–16. Therefore, the 2021 Administrative Order has no bearing on Plaintiffs' pendency claim, and the prior orders retain their preclusive effect.

## CONCLUSION.

For the reasons stated above, the DOE's motion to dismiss is GRANTED with prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 31, enter judgment for Defendant, and close the case.

SO ORDERED.

Dated: January 26, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge